IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JASDEV SINGH,
A #076 868 347                                                                                             PETITIONER

VERSUS                                              CIVIL ACTION NO. 5:14-cv-41-DCB-MTP

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY, DEPARTMENT OF HOMELAND SECURITY;
ICE FIELD OFFICE DIRECTOR;
and NEW ORLEANS FIELD OFFICE                                                   RESPONDENTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate incarcerated at the Adams County Correctional Center, Natchez, Mississippi, filed his writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 22, 2014.

Background

Petitioner is serving a federal sentence he received in the United States District Court for the Eastern District of California after pleading guilty to conspiracy to distribute and to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Pet. [1] at 6 & 7. Petitioner complains that the prosecution was aware that Petitioner was entrapped into committing the crime and his Sixth Amendment right to counsel and his due process rights were violated. *Id*. Even though the prosecution was aware of the violations of Petitioner's constitutional rights, the prosecution "induced" Petitioner to sign a plea agreement. *Id*. at 7. Additionally, Petitioner states that he signed the plea agreement "based on the understanding that he would not be subjected to removal proceedings." *Id*. at 7. Subsequently, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in the trial court which raised as grounds for habeas his claims that he was denied due process and effective assistance of counsel

as well as the agreement that he would not be subject to deportation.  *See United States v. Singh*, No. 1:08-cr-212, 2014 WL 1270529 , at *3 (E.D. Cal. March 26, 2014).

In the instant petition, Petitioner states that his first claim for relief is based on his "imminent detention by D[epartment] [of] H[omeland] S[ecurity]" which would be in violation of the Constitution and the laws of the United States.  Pet. [1] at 16.  Petitioner's second claim for relief is that any order directing the Petitioner to be removed to India is unlawful under the Constitution.  *Id*. at 17.  Petitioner states that he is scheduled to be released from the Bureau of Prisons (BOP) on July 26, 2014, and he anticipates that he then will be placed in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement.  *Id*. at 5.

## Analysis

A petition filed pursuant to 28 U.S.C. § 2241 may attack the manner in which a petitioner's sentence "is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  On the other hand, a motion filed pursuant to "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing."  *Ojo v. Immigration and Naturalization Service*, 106 F.3d 680, 683 (5th Cir.1997) (citing *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990)).  As noted by the Fifth Circuit Court of Appeals, "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255."  *Pack*, 218 F.3d at 452 (brackets in original) (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

To the extent Petitioner is challenging his plea agreement and his conviction, those matters occurred at or prior to sentencing.  With that in mind, such grounds are not properly asserted

under § 2241, and "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452 (citing *Ojo*, 106 F.3d at 683). There is, however, an exception to this general rule. A prisoner can resort to § 2241 if he satisfies his burden of establishing the so-called savings clause of § 2255, which "provides a means to petition the courts for issuance of the 'Great Writ' when § 2255 is inadequate or unavailable." *Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 346 (5th Cir. 2002).

"To fall under this provision, petitioner must claim actual innocence and retroactivity." *Frees v. Maye*, 441 F. App'x 285, No. 11–50296, 2011 WL 4349322, at *2 (5th Cir. Sept. 19, 2011) (unpublished table opinion)(citing *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001)). As such,

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense *and* (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena*, 243 F.3d at 904 (emphasis added).

Petitioner was not convicted of a "nonexistent offense." He pled guilty to conspiracy to distribute and to possess with the intent to distribute cocaine. Pet. [1] at 7. This crime has not been retroactively voided. Thus, Petitioner fails to meet the first prong of the Reyes-Requena test. *See Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) ("Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense." (footnote omitted)); *see also Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001) (holding that failure to instruct jury that it must convict Jeffers unanimously on each of the specific violation constituting the continuing series of violations did

3

not amount to a conviction of a "nonexistent offense" as required by *Reyes-Requena*).  Because Petitioner is required to prove both prongs of the *Reyes-Requena* test to access the savings clause of § 2255, the Court need not address the second prong.

The Court notes that Petitioner filed an unsuccessful § 2255 motion in the sentencing court.  Pet. [1] at 10 n.5.  But Petitioner's lack of success under § 2255 fails to establish that the § 2255 remedy is "inadequate or unavailable." *Wilson v. Roy*, 643 F.3d 433, 435 (5th Cir. 2011)(citing *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)).  Likewise, the inability to meet the AEDPA's second or successive requirement does not make § 2255 inadequate or ineffective. *Id.*

As for Petitioner's challenge to the Final Order of Removal entered on February 6, 2014, by the Immigration Judge, the passage of the REAL ID Act of 2005, effective May 11, 2005, "divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *See Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007)(citing 8 U.S.C. §1252(a)(5); *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005)).  Additionally, the Court does not have jurisdiction to review the denial of Petitioner's motion for bond entered by the Immigration Judge.  *See Kambo v. Poppel*, 2007 WL 3051601, *6-10 (W.D. Tex. Oct. 17, 2007)(finding "that under 8 U.S.C. § 1226(e) and the Fifth Circuit's decision in *Loa-Herrera v. Trominiski*, 231 F.3d 984 (5th Cir. 2000), as well as 8 U.S.C. § 1252(a)(2)(B)(ii), [the district court] lacked jurisdiction to review the decision to deny release on bond").  The Court, therefore, lacks jurisdiction to consider Petitioner's claims challenging his removal order and the order denying

his motion for bond.[1]  The Court also does not have the authority to transfer the instant petition to the Fifth Circuit as a petition for review because this case was not pending on the effective date of the REAL ID Act.  *See Castillo-Perales v. Holder*, 411 F. App'x 695, 696 (5th Cir. 2011).

Furthermore, Petitioner's argument that "[t]his Court may grant relief pursuant to . . . 5 U.S.C. § 702 and the All Writs Act, 28 U.S.C. § 1651" is without merit.  *See* 8 U.S.C. § 1252(a)(2)(B)(ii)(providing that "notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, . . ., and sections 1361 and 1651 of such title, . . . no court has jurisdiction to review the decision or action of the Attorney General or the Secretary of Homeland Security").

Conclusion

Because Petitioner's challenge to his plea agreement and conviction do not meet the stringent requirements of the savings clause, this petition [1] must be dismissed with prejudice. *See Pack*, 218 F.3d at 452.  And to the extent the Court could construe these grounds pursuant to § 2255, because the motion must be filed in the sentencing court, which is the Eastern District of California, such claims will be dismissed without prejudice for the Court's lack of jurisdiction.[2] *Id.* at 451, *see also* 28 U.S.C. § 2255(a).  As for Petitioner's claim challenging the removal order

---

[1] The Court notes that because Petitioner has not exhausted all administrative remedies, *i.e.* the review of his final order of removal is pending before the Board of Immigration Appeals (BIA), *see* Pet. [1] at 5 and 15, Petitioner could not maintain a review of the final order of deportation in the appropriate court.  *See Omari v. Holder*, 56 F.3d 314, 318 (5th Cir. 2009)(citing *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004)).

[2] Because Petitioner has previously filed a § 2255 petition, before filing a second or successive § 2255 in the sentencing court, he must obtain permission from the appropriate court of appeals.  *See* 28 U.S.C. § 2244(b)(3)(A).

and the denial of his motion for order of supervision, bail/bond pending appeal/review of order of removal by the Immigration Judge, the Court does not have jurisdiction to consider such claims and those claims will be dismissed without prejudice for lack of jurisdiction.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED this the  18th   day of  June, 2014.

                               s/David Bramlette
                                UNITED STATES DISTRICT JUDGE